**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JENARIUS THURMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SABRINA WILBURN,<br><br>　　　　　　　　Defendant. | Case No. 16-cv-04078-BLF<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE; DENYING MOTION FOR EMERGENCY CHANGE OF CUSTODY; AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 1, 2, 5, 6] |

　　　　This order addresses the following filings of Plaintiff Jenarius Thurman: Notice of Removal (ECF 1); Application to Proceed In Forma Pauperis (ECF 2); Motion for Emergency Change of Custody (ECF 5); and Amended Complaint or Correction (ECF 6). For the reasons discussed below, the Application to Proceed In Forma Pauperis is DENIED WITHOUT PREJUDICE; the Motion for Emergency Change of Custody is DENIED; and the Amended Complaint is DISMISSED WITH LEAVE TO AMEND.

　　　　On July 20, 2016, Thurman filed a Notice of Removal that appeared to be intended to remove an Illinois state court child custody proceeding to the United States District Court for the Northern District of California. Notice of Removal, ECF 1. If that was Thurman's intent, the Notice of Removal is defective in that it does not contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" Thurman in the state court action. *See* 28 U.S.C. § 1446(a). Moreover, when a state court action is removable, it may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus any

attempt to remove an Illinois state court proceeding to this Court would be improper.

On August 8, 2016, Thurman filed a single-page document titled "Amended Complaint or Correction," stating that Thurman is the Petitioner in the present action and Sabrina Wilbon[1] the Respondent, while in the state court action Wilbon is the Petitioner and Thurman the Respondent. Am'd Compl. or Correction, ECF 6. The fact that Thurman titled this document "Amended Complaint or Correction" suggests that he may have intended to file a *complaint* in this Court rather than removing an existing state court action. *Id.* However, the Amended Complaint or Correction does not contain any substantive allegations. *Id.*

In conjunction with filing the Notice of Removal, Thurman filed an Application to Proceed In Forma Pauperis. *See* IFP Applic., ECF 2. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). After reviewing both the Notice of Removal and the Amended Complaint or Correction, the Court cannot determine what claim Thurman is attempting to allege. It appears that Thurman may be seeking review of custody orders issued by the Illinois state courts. Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Because it appears from the face of Thurman's pleadings that the action has no merit, his Application to Proceed In Forma Pauperis is DENIED, and his pleadings are DISMISSED WITH LEAVE TO AMEND. Thurman may file an amended complaint, setting forth "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim" showing that he is entitled to relief, on or before August 31, 2016. *See* Fed. R. Civ. P. 8(a).

On August 5, 2016, Thurman filed a Motion for Emergency Change of Custody. As discussed above, Thurman has failed to allege a viable claim, and this Court lacks authority to

---

[1] The filings in this case spell Defendant's name several different ways: "Wilbon," "Wilbun," and "Wilburn." This order uses the name "Wilbon," which is taken from Thurman's most recent filing, the Amended Complaint or Correction. *See* Am'd Compl. or Correction, ECF 6.

1  review a final custody order of a state court.  Thurman's Motion for Emergency Change of
2  Custody is DENIED.
3      **IT IS SO ORDERED.**

5  Dated:  August 9, 2016

   _____
   BETH LABSON FREEMAN
   United States District Judge